UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONIQUE TURNER,

    Plaintiff,

v.                                                                Case No. 8:20-cv-87-CPT

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security Administration,[1]

    Defendant.
_____/

**O R D E R**

Before the Court is the Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 36).[2] For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in January 2020 seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits and

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, replacing the former Commissioner, Andrew M. Saul. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Mr. Saul as the Defendant in this suit.
[2] The Plaintiff refers to her motion as "amended" even though she did not file a prior such motion. As a result, the Court does not describe her motion as amended here.

Supplemental Security Income. (Doc. 1). In March 2021, this Court reversed the Commissioner's decision and remanded the matter for further proceedings before the Social Security Administration (SSA). (Doc. 32). The Clerk of Court entered Judgment for the Plaintiff the same day. (Doc. 33). Roughly three months later, the Plaintiff sought and obtained $3,886.60 in attorney's fees under the Equal Access to Justice Act (EAJA). (Docs. 34, 35).

As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits. (Doc. 36-1). According to the letter authorizing this relief, the SSA withheld $13,175.50 of this past-due amount for a possible future award of attorney's fees. *Id.* at 2. This figure equates to twenty-five percent of the Plaintiff's past-due benefits, which is the statutory limit for such fee awards. *See* 42 U.S.C. § 406(b).

By way of the instant motion, the Plaintiff now asks that the Court enter an order pursuant to 42 U.S.C. § 406(b) approving fees in the amount of $13,175.50 for the services her attorney rendered in this action. (Doc. 36). This sum does not conflict with the Plaintiff's fee agreement, as that agreement provides for a contingency fee of twenty-five percent of her past-due benefits. *Id.*; (Doc. 36-2). According to the Plaintiff, her counsel is aware of his obligation to reduce the $13,175.50 sum by the amount of the previous EAJA award of $3,886.60 in the event the Court grants her motion. (Doc. 36 at 8). The Commissioner does not object to the requested fee amount. (Doc. 38 at 1).

II.

Section 406(b) of Title 42, United States Code, governs the authorization of attorney's fees in Social Security actions where, as here, a district court remands the matter to the Commissioner for further proceedings, and the Commissioner later grants the claimant past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam).³ Under such a scenario, the claimant may return to the district court—as the Plaintiff has done here—and ask for fees not exceeding twenty-five percent of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. ___, 139 S. Ct. 517, 522 (2019).

The fee amount sought, however, must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure this is the case, section 406(b) mandates that a court conduct an independent review of a counsel's fee arrangement with his client. *Gisbrecht*, 535 U.S. at 807. As part of its oversight role, a court may direct that an attorney supply "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. A court may also require that the approved fee amount be offset by any previous fee award or by any fees due to counsel under a contingency fee arrangement. *Id.*; *Jackson*, 601 F.3d at 1274.

---

³ In light of the circumstances presented, the Court invokes its authority under Local Rule 1.01(b)—which permits the Court to suspend application of a local rule—and declines to enforce Local Rule 7.01's bifurcation approach to fee requests. M.D. Fla. R. 1.01(b).

3

In addition, an attorney who is successful in claiming fees under both the EAJA and section 406(b) must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). A lawyer may do so either by deducting an earlier EAJA award from a subsequent section 406(b) award or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson*, 601 F.3d at 1274.

In this action, the Plaintiff's requested fee amount of $13,175.50 is based upon 19.75 hours expended by her counsel on this appeal between 2019 and 2021. (Doc. 36-3). This sum encompasses all the work the Plaintiff's lawyer performed before the Court and is consistent with the Plaintiff's contingency fee agreement, as the sought-after figure equates to twenty-five percent of the total past-due benefits granted to the Plaintiff. (Docs. 36, 36-2, 36-3). In light of these facts, as well as the nature of the legal services rendered, the positive results achieved, and the Commissioner's lack of opposition to the Plaintiff's motion, the Court finds that the proposed fee amount is reasonable.

### III.

Based upon the foregoing, it is hereby ORDERED:

1. The Plaintiff's motion for attorney's fees (Doc. 36) is granted, and the Plaintiff shall be awarded fees in the amount of $13,175.50 pursuant to 42 U.S.C. § 406(b). This sum shall be paid to the Plaintiff's lawyer from the past-due benefits currently being withheld by the Commissioner.

2.  Upon receipt of these funds, Plaintiff's counsel shall promptly refund to the Plaintiff the previously authorized EAJA fee award of $3,886.60.

3.  This action shall be closed and shall remain closed.

SO ORDERED in Tampa, Florida, this 29th day of September 2023.

*[Signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record